IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DENNIS LEDOUX,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>　　　　　Defendants. | CV 17-16-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court are two motions: (1) Defendant BNSF Railway Company's ("BNSF") Rule 12(b)(6) Motion to Dismiss ("12(b)(6) Motion") (Doc. 3); and (2) Plaintiff Dennis LeDoux's Motion to Remand ("Remand Motion") (Doc. 8). Having reviewed the motions and attendant briefing, the Court makes the following findings and recommendations.

## I.　Pertinent Facts

The Court accepts as true the facts contained in LeDoux's Complaint and Jury Demand ("Complaint") (Doc. 6) for the purposes of the instant motions. *See Kearney v. Direct Buy Associates, Inc.*, 2014 WL 12588636, *5 (C.D. Cal. Oct. 23, 2014) (citations omitted) ("Because a motion to remand is analogous to a motion to dismiss…the court accepts the allegations of plaintiff's complaint as true.").

LeDoux has been an employee of BNSF since 1977. (Doc. 6 at ¶ 6.) On June 19, 2012, while working as a machinist, LeDoux suffered an injury when he was "torqueing exhaust expansion joint bolts" from atop a ladder. (*Id.* at ¶ 12.) LeDoux claims that he suffered injuries to his right shoulder that required surgery and may put him at risk of future injury. (*Id.* at ¶ 15.) LeDoux attempted unsuccessfully to settle with BNSF prior to filing suit, and BNSF thus far has refused to compensate him for his injury and lost wages. (*Id.* at ¶ 23.)

LeDoux filed suit in the Montana Thirteenth Judicial District Court on June 18, 2015. (*Id.*) Count I of LeDoux's Complaint alleges a cause of action for negligence under the Federal Employers' Liability Act ("FELA"). (*Id.* at ¶¶ 12-21.) Count II of the Complaint alleges post-injury statutory claims under the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, *et seq.*; and a Montana statute governing railway corporations' liability to their employees, Mont. Code Ann. § 39-2-703. (*Id.* at ¶¶ 22-31)

BNSF removed the case on February 6, 2017, citing this Court's jurisdiction over claims presenting federal questions.[1] (Doc. 1.) BNSF filed its 12(b)(6)

---

[1] BNSF's Notice of Removal (Doc. 1) does not indicate when LeDoux served BNSF with the Complaint, and the file the Court received from the state court does not contain any service documents. (*See* Doc. 5.) LeDoux does not challenge the timeliness of removal, however, so the Court will assume that BNSF removed the case in a timely manner, despite the length of time between the filing of the Complaint in state court and removal to this Court.

Motion contemporaneously. (Doc. 3.) On February 24, 2017, LeDoux submitted his Memorandum in Opposition to Defendant's Motion to Dismiss ("12(b)(6) Response") (Doc. 10), and his Remand Motion. Both motions are now fully briefed and suitable for disposition. (*See* Docs. 11, 14.)

## II. Parties' Arguments

Because the Court finds that the case should be remanded, the Court does not reach the merits of BNSF's 12(b)(6) Motion. The parties' arguments with respect to the Remand Motion are as follows.

LeDoux argues first that his FELA claim (Count I) is not removable according to 28 U.S.C. § 1445, which states in pertinent part that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the [FELA] may not be removed to any district court of the United States." (Doc. 9 at 4-5.) Next, LeDoux argues that his Montana statutory claims (Count II) do not present a federal question and therefore cannot serve as the sole basis for removal. (*Id*. at 5-6.) LeDoux maintains that, pursuant to the "well-pleaded complaint rule," he may avoid federal jurisdiction by relying exclusively on state law, and that BNSF's federal preemption affirmative defense, even if meritorious, cannot serve as the basis for removal. (*Id*. at 6-7.) Next, LeDoux argues that his state tort claim is not preempted by the FELA, and therefore BNSF's federal preemption affirmative defense cannot serve as a basis

3

for removal. (*Id.* at 7-11.) Finally, LeDoux argues that the Court should award him costs and attorney's fees. (*Id.* at 11.)

BNSF agrees that LeDoux's FELA claim (Count I) is not removable, and therefore must be remanded. (Doc. 13 at 9-11.) With respect to LeDoux's state law claims, BNSF argues that Congress intended the FELA to completely preempt state law in the area contemplated by Count II of LeDoux's Complaint, and therefore the well-pleaded complaint rule is not controlling. (*Id.* at 3-6.) Due to the doctrine of "complete preemption," argues BNSF, this case presents a federal question and removal therefore was proper. (*Id.* at 7-9.) Finally, BNSF argues that costs and fees are inappropriate in light of the fact that the removal statute specifically provides for the "remove-and-sever" tack contemplated by BNSF. (*Id.* at 11-12 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).)

### III. Legal Standard

BNSF removed this action pursuant to 28 U.S.C. § 1441. The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts must "strictly construe the removal statute against removal jurisdiction" and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citations omitted).

4

There is a "strong presumption" against removal, and the defendant has the burden to establish that removal is proper. *Id*. at 566-67. Any doubts are to be resolved in favor of remand. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

IV. **Discussion**

    A. **Remand of Count II**

The parties agree that Count I of LeDoux's Complaint must be remanded. (*See* Docs. 9 at 4-5 and 13 at 9; *see also* 28 U.S.C. § 1445(a).) Accordingly, the sole issue before the Court is whether Count II of LeDoux's Complaint also must be remanded.

BNSF removed the case on the basis of this Court's jurisdiction over federal questions. (Doc. 1 at ¶ 6.) The Ninth Circuit Court of Appeals explained the standard a court must follow when considering whether it has federal-question jurisdiction:

> As a general rule, the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case. Put simply, the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims.

*ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quotations and citations omitted).

Notably, the defense of federal preemption is among the defenses that cannot serve as the basis for federal-question jurisdiction. *Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983) ("…[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.")

Count II of LeDoux's Complaint pleads exclusively state law claims, so the Court cannot say – and BNSF does not argue – that a federal question is "presented on the face of [LeDoux's] properly pleaded complaint." Any defenses BNSF may have to Count II, even if grounded in federal preemption, cannot serve as the sole basis for removal. Accordingly, in order to find federal-question jurisdiction, the Court must be satisfied that this case presents an exception to the well-pleaded complaint rule.

One recognized exception to the well-pleaded complaint rule is the doctrine of "complete preemption," which "posits that there are some federal statutes that have such extraordinary pre-emptive power that they convert an ordinary state common law complaint into one stating a federal claim for purposes of the well-

6

pleaded complaint rule." *Retail Property Trust v. United Broth. of Carpenters & Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014) (quotations omitted). "Complete preemption…arises only in extraordinary situations." *Id*. (quotations omitted). "The United States Supreme Court has identified only three federal statutes that satisfy this test: (1) [§] 301 of the Labor–Management Relations Act, 29 U.S.C. § 185; (2) [§] 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86." *Id*.

Complete preemption (which can serve as the basis for federal jurisdiction) and defensive preemption (which cannot) are not interchangeable. The Seventh Circuit Court of Appeals has observed that "complete preemption is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field." *Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000). "[C]omplete preemption does not represent merely a difference in the scope of the preemption of a state cause of action by federal law; rather, it is a difference of kind. In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court." 14B C.

Wright & A. Miller, Federal Practice and Procedure, Civil § 3722.2 at 418-419 (4th ed., West 2009).

The Ninth Circuit Court of Appeals recently discussed at length the distinction between complete preemption and defensive preemption in *Retail Property Trust*, 768 F.3d at 946-950, explaining that "'[c]omplete preemption' is a doctrine applicable to removal jurisdiction only; it is not a doctrine of defensive preemption…." *Id.* at 948; *see also Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1107 n. 7 (9th Cir. 2000) ("In spite of its title, the 'complete preemption' doctrine is actually a doctrine of jurisdiction and is not to be confused with ordinary preemption doctrine (although it is related to preemption law)."). Therefore, the question now before the Court is not whether federal law preempts LeDoux's state law claims, but whether federal law completely and exclusively occupies the field of law contemplated by LeDoux's state law claims. *See Lehmann*, 230 F.3d at 919.

BNSF acknowledges that it was unable to locate any cases "in which a court considered whether state law claims addressing a railroad's liability for its employee's injuries could be considered completely preempted by the FELA to warrant removal." (Doc. 13 at 5.) Absent such support, BNSF attempts to analogize the FELA to other federal statutes where courts have found complete preemption (most notably the Railway Labor Act ("RLA")), and thereby reaches

the conclusion that LeDoux's state law claims also are completely preempted because, according to BNSF, "Congress intended the FELA's [preemptive] scope to be at least as broad as the RLA's." (Doc. 13 at 5-6.) BNSF also points to cases from the Ninth Circuit and this district which have found that similar state-law claims are preempted by the FELA, and asserts "[t]hat is enough to raise a federal question for purposes of removal based on 'complete preemption.'" (*Id.* at 9.) The Court disagrees.

The Ninth Circuit has held that the test for complete preemption "is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Las Vegas Dev. Group, LLC v. Heuke*, 2015 WL 4523510, *3 (D. Nev. July 27, 2015) (quoting *Ansley*, 340 F.3d at 863). The Court finds that Congress did not "clearly manifest[] an intent to convert" the type of state law claim asserted in Count II of LeDoux's Complaint into a federal-question claim, and therefore Count II is not completely preempted by the FELA.

The FELA provides in pertinent part that:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories…shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce…for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.

Thus, the FELA provides a remedy for railroad workers who are injured as a result of the negligence of their employer or fellow employee. Count II of LeDoux's Complaint does not assert a claim for negligence, nor does it attempt to gain recovery for an injury resulting from negligence. Rather, Count II alleges strictly post-injury claims handling and mismanagement violations, which allegations are distinct from the negligence of which LeDoux complains in Count I.[2] The Court cannot say – as it must to find LeDoux's claim completely preempted – that 45 U.S.C. § 51 "clearly manifest[s] an intent to convert state law [post-injury claims handling] claims into federal-question claims." The Court therefore finds that Count II of LeDoux's Complaint is not completely preempted by federal law.

This finding is not at odds with the cases BNSF cites that have found similar post-injury claims to be preempted by the FELA, specifically *Counts v. Burlington Northern R.R. Co.*, 896 F.2d 424 (9th Cir. 1990), *Toscano v. Burlington Northern R.R. Co.*, 678 F.Supp. 1477 (D. Mont. 1987), and *Giard v. BNSF R. Co.*, 2014 WL 37687 (D. Mont. Jan. 6, 2014). BNSF's reliance on those decisions is misplaced,

---

[2] Count II alleges in part a violation of Mont. Code Ann. § 39-2-703. "Neglect" can serve as the basis for a violation of that statute. However, "mismanagement" is another independent basis for a violation of § 39-2-703, and the facts LeDoux alleges in support of Count II make it clear that he is invoking the "mismanagement" aspect of § 39-2-703 and not the "neglect" aspect. (*See* Doc. 6 ¶ 30 ("By failing to timely and properly resolve Plaintiff's claim, Defendant has also violated 39-2-703."))

and conflates complete preemption with defensive preemption. None of those cases considered whether the asserted claims were completely preempted for the purposes of removal; rather, they each considered whether the claims were subject to a preemption defense. As the Court discussed above, complete preemption and defensive preemption are not analogous, and the fact that a particular claim may properly be dismissed as preempted by federal law does not determine whether the claim is completely preempted so as to give rise to federal-question jurisdiction. In short, *Counts*, *Toscano*, and *Giard* ultimately may be relevant to the issue of whether LeDoux's claims in Count II are subject to dismissal based on defensive preemption, but they are not germane to the question of whether the claims in Count II have been completely preempted and can be removed to this Court.

In addition, the Ninth Circuit has stated that "[c]omplete preemption occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." *Ansley*, 340 F.3d at 862. Here, Congress has plainly not manifested the intent to transfer jurisdiction of FELA claims to federal court. Just the opposite is true. Congress has provided for concurrent jurisdiction of FELA claims with the state courts, and specifically provided that such claims are not removable to federal court. 28 U.S.C. § 1445(a); *see also* 45 U.S.C. § 56 ("The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of

11

the several States."). Therefore, adopting BNSF's argument would lead to the incongruous result that FELA claims would be removable to federal court under the complete preemption doctrine, where Congress has expressly declared by statute that such actions are not removable.

Furthermore, although the Court already recommends LeDoux's Remand Motion be granted for the reasons provided above, the Court also must remain mindful of the "strong presumption" against removal, and that the removing party has the burden to establish that removal is proper. *Gaus*, 980 F.2d at 566. Any doubt as to the propriety of removal is to be resolved in favor of remand. *Valdez*, 372 F.3d at 1118. The lack of any authority finding complete preemption under similar facts, together with the issues discussed above, at the very least suggests there is doubt as to whether Count II of LeDoux's Complaint raises claims that are completely preempted by federal law. The Court must resolve that doubt in favor of remand.

In sum, BNSF has not pointed to any authority to suggest LeDoux's claims in Count II are completely preempted by the FELA, and the Court does not find sufficient grounds to conclude that Congress has "clearly manifested an intent to convert" the state law claims LeDoux asserts in Count II "into federal-question claims." The Court, therefore, finds that Count II should be remanded to state court along with Count I.

### B. Costs and Attorney's Fees

LeDoux seeks costs and attorney's fees under 28 U.S.C. § 1447(c), which provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

BNSF cites several cases for the proposition that removal based on complete preemption is not objectively unreasonable merely because a court ultimately remands the case. (Doc. 13 at 11-12.) LeDoux does not substantively address the issue on reply (Doc. 14), and does not counter any of BNSF's authority.

The Court agrees with BNSF that its removal argument is not objectively unreasonable, and therefore recommends that the Court deny LeDoux's request for costs and attorney's fees. As the case law cited by BNSF demonstrates, the mere fact that the Court declined to find LeDoux's non-FELA claims completely preempted does not make BNSF's argument objectively unreasonable. BNSF presented a reasonable, if ultimately flawed, argument for complete preemption. Costs and fees are not warranted here.

## V. Conclusion

Based on the foregoing, IT IS RECOMMENDED that:

1. LeDoux's Motion to Remand (Doc. 8) be GRANTED as to the remand of Counts I and II;

2. LeDoux's Motion to Remand (Doc. 8) be DENIED as to costs and attorney's fees; and

3. BNSF's Rule 12(b)(6) Motion to Dismiss (Doc. 3) be DENIED without prejudice as the Court is without jurisdiction to consider it.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 15th day of August, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge